This case is, of course, unusual because we only have one side here. How are you all dividing this up? Is it going to be one person arguing, or will it be more than one? I will argue. My name is Brian Toth from the Department of Justice, Environment and Natural Resources Division, and I will argue for ten minutes and then turn it over to my colleague, Mr. Gilbert Rothenberger from the Tax Division. Okay, and I guess you don't need to rebut yourselves. I hope not, Your Honor. Okay. Please proceed. May it please the Court. I'd also like to introduce at council table Greg Addington, Assistant U.S. Attorney from the District of Nevada. Welcome. These petitions concern the Attorney General's authority to choose who will represent the government when it goes into court, and a district judge's interference with that authority to choose counsel for the government. By a series of longstanding statutes stating back, in most cases, to the creation of the Department of Justice in 1870, Congress has vested the Attorney General with the power to conduct and supervise litigation on behalf of the United States. Does the district court have to accept every lawyer that comes from the Department of Justice? No, Your Honor. There is some latitude left to district judges, if there's a good reason not to accept it. So the Attorney General's determination is not final determination. Is that true? Your Honor, the situations where a district court would have discretion, would not be abusing its discretion or violating those statutes, would be those where there has been some sort of misconduct by that attorney. There is absolutely no record in any of these cases that that is the case. And you don't consider living in Washington, D.C., misconducts? That's correct. And that is the justification that the district judge provided here, initially, in a series of exchanges in open court, as for why he was denying the permission of passage. Ginsburg's concern was, I think there was some home cooking, he mentioned, that they ought to give it to the local folks. But also he had some concern about whether or not people coming in to his court were accepting the local rules governing lawyers. And, of course, you're not required to join their bar ordinarily. How do you handle that? If he has a concern and he wants to make sure that there are going to be ethical lawyers, how can he handle that? Absolutely, Judge Wallace. There is a statute, 28 U.S.C. 530B, which makes abundantly clear that the government is expected, when it goes into court, to comply with the local rules of that court concerning ethical responsibilities. Right. That's true. So from the attorney general's position, he's not supposed to appoint anybody that won't comply. Suppose he does. Then there are a lot of different options the district judge has. It must be taken care of on an attorney-specific basis, though. And such options would include the criminal contempt powers. It would include some sort of notice to show cause and appear and justify why you ought to be admitted. It also might include a referral to the Department of Justice's Office of Professional Responsibility to conduct its own investigation and determine what the conduct was about and whether it was violating that attorney's professional responsibility. Even aside from the ethical aspects, though, I find it interesting that you quoted 530B because that, of course, provides an exception to the normal powers of the attorney general under 515A, 516, and 517. And it says that an attorney for the government shall be subject to state laws and rules and local federal rules governing attorneys in each state where such an attorney engages in that attorney's duties to the same extent and the same manner as other attorneys in that state. If you look at the Nevada local rule 1A10-3, it says, unless otherwise ordered by the court, any non-resident attorney goes on to talk about how the government can appear. But it always seems to be that the court retains the ultimate discretion on whether to admit someone pro hoc vicege. What am I missing here? Judge Smith, that exception, I mean, the way the local rule is phrased, it is a strong presumption in favor of admission unless otherwise ordered by the court. And, of course, that we – our position is that that phrase refers to those specific instances where there has been some showing of attorney misconduct specific to that attorney. And I gather – I mean, I get – I take your point, and I understand the importance from the government's perspective of having somebody who has real expertise, worked with everything, and can speak to the government's position. But I haven't been able to find any case law that substantiates your position. Are we dealing with the tabula rasa here? It's an issue that has not been – the precise issue here has not been confronted by any court that I'm aware of. But this Court's rationale in its decisions from half a century ago in the Hall case and in – just a couple of years ago in the Northern Mariana Islands case, I think, make abundantly clear and compel a conclusion that a judge is without power to invade the province of the Attorney General when it comes to choosing counsel. Except for 530B. Except for 530B, which would require some sort of procedural due process to that attorney. And what might that be? Well, it might be in order to show cause and appear and justify, based on specific conduct, why that attorney should not be disbarred. How – for example, in this case, Judge Jones has obviously admitted Pro Hoc Vitae, one of the attorneys, that he barred in the other case. So it isn't a blanket thing. It seems to be on a case-by-case basis. He didn't explain why, but if I understand it – I don't know if it's Mr. Lowe or the other gentleman, but – Ms. Lowe, yes. In Malachowski, she was – Yes. She's appearing in another case right now. I mean, not at this moment, but in another case pending before Judge Jones. So he did deny – He admitted her. Right. It's – it demonstrates the inconsistency of his own rulings in this area. As you mentioned, his orders in these instances are unreasoned, except with the exception of – But if they run off the railroad track, like Pearson Hall did in the Hall case, there's a reason. But can you – can you show an analogy? How would you argue that what Judge Jones did was like what Judge Pearson Hall did? So Judge Hoff – I'm remembering the facts of the case correctly. This was a long time ago. It was a – involved an attorney from the predecessor to the Environment Division who was going into court and then was no longer accompanied by the U.S. attorney signing the pleadings. And this Court held that the main justice attorneys had the authority to go into court simply with a descriptive delegation of their authorities. It didn't require a delegation in specific cases. But they did not require the appearance of the United States attorney in those cases. They could file cases on their own. And that goes to the core power of the attorney general's authority to choose his own counsel. You know, and absent a type of showing of prosecutorial misconduct or something of that nature, there's just simply no basis for the judge to inject. And make no mistake. I mean, we see from the Great Basin Order from this past summer, the justification laid out in a several-page order that he has injected his own views of the attorney general and the attorney general's policies into this process of admitting government attorneys. And so I think that is very far afield from the legitimate concerns that Your Honors are expressing about individual misconduct in cases or attorneys who may be appearing before him repeatedly and he's having problems with. Kennedy. So I gather your position is that Judge Jones, or any other judge who takes this position, has an obligation under the process clause to explain his or her reasoning for denying the Pro Hoc Vitae request, having some kind of an order to show cause or something like that. Is that your position? If it is to be based on some sort of misconduct, under that exception in the local rule, then I think that is correct. I think here, I mean, we have in open court his reasons that he's stated, his various justifications. So I think this Court can rely on some inferential reasoning to determine what has been the reason. But we can't tell what Judge Jones was thinking in this. What if he didn't make it clear? What do we do with that? Well, I mean, in the ordinary instance, it might counsel in favor of a remand for the Court to explain its reasoning. But he's already reversed himself. Right. How can we do that? What do we accomplish by that? And, indeed, on what basis can we issue a mandamus where we can't really correct a problem that's already been corrected? Well, it's been corrected in these particular cases, but there has been a persistent pattern of this judge's unwillingness to acquiesce in the legal arguments. Are you suggesting that we issue an advisory opinion, kind of a floating mandamus? No, Your Honor. I think that the mechanism for doing it is the Court's supervisory authority under the writ of mandamus. This is not a moot case. It's still a live dispute. There may be ---- It's capable of repetition. But I struggle with how we can issue under Article III, how we can issue a writ of mandate to this judge to do something he's already done. Right. I get it. If he does it again, you know, sure, you've got the problem comes up again. But how do we, other than writing an advisory opinion and saying now, Clive, you've got to do this, you've got to do that, and watch out for this and watch that, how do we do that? There's no case or controversy in this setting, is there? A couple of things. I mean, if the dispute is capable of repetition yet evading review, which it is, then it's still appropriate for the Court to grant the writ. Now, the writ might ---- Isn't it also a voluntary cessation exception to mootness? Yes. Both those exceptions apply here, because there's no ---- I mean, we've seen from the Great Basin Order that if there's a reasonable expectation, this will recur. And it's ---- And whenever we have voluntary cessation, we have a situation where the conduct has stopped, right? And we always ---- that's why we have that exception to mootness. Right. And even in the voluntary cessation context, it's particularly where there's no reason given for why this conduct stops. That's another compelling reason to find a live dispute. How would you word this order, though, if we agree with you? What should we exactly say? So first of all, the Court would have to confront the mootness issue that it flagged for briefing. But just on the merits, what would we order? I'm going to reserve some time for my colleague, but I will answer your question, Judge Friedland. I think the Court can rely on its supervisory power to make clear that the district judge was without authority to interpret the local rule, which this Court has authority to interpret for the district courts, to exclude the district courts, to exclude as a presumption government attorneys absent a showing of incapability by the U.S. Attorney's Office. But should we say that ---- I'm not a great fan of divided arguments, and I have a question to ask, and I don't know whether to ask you or ask somebody else. I would say go ahead and ask me. I'm happy to continue, Your Honor. I have some doubt that this is capable of repetition. In the capable of repetition, there has to be a limited duration. We don't have a limited duration here, and you don't argue it. You argue there's a track record. Now, that doesn't mean you're out of court, but I just think you may be in the wrong pew in the wrong church. Right. So this is a jurisdictional issue, and the ---- This is not an Article I case. I want you to know that. The exception ---- I mean, mootness obviously goes to the Court's own power, and you can rely on the voluntary cessation exception on the cases we cite. As to the inherent ---- I mean, I think what you're getting at is that in the capable of repetition cases, there's usually an inherent limitation on the length of which something is out there. And what we're showing here is that in the mandamus context, the district judge has never divested of jurisdiction over this matter because it's ---- there's no appeal that's filed that does so. So he can always sit ---- Your voluntary exception, the voluntary cessation exception certainly makes more sense to me than capable of repetition. I take it that is a second and dairy argument of yours? We think both of those exceptions fit. I think the tax division relied more on the voluntary cessation argument. We certainly cited cases ---- Armster as a voluntary cessation case. But either of those exceptions, I think, provide a basis for the Court to conclude the dispute still live. Okay. If there are no questions, I'll turn it over to my colleague. Turn it over to your colleague, then. Okay. Thank you very much. May it please the Court. I'm going to try not to make a career of arguing mandamus cases before this Court since I was here two and a half years ago for the Marianas case. But the Attorney General has decided that I'm going to present argument in this case and Mr. Toth will present argument in this case. And whether or not that's a good decision remains to be seen. Oh, you're both going to speak? No. We've already spoken. But the point is, it's the attorney ---- it's the executive determination to be made, not a district court's determination. And we need this Court to give guidance to this district judge and other district judges about what the judges are permitted to do in this regard and what they're not permitted to do. I understand you'd like to have us do that. But we don't just pull jurisdiction out of our hat. Our Constitution was based upon a separation of powers. And there was, of course, an argument between the Federalists and the Anti-Federalists as to whether the Court would assume more and more power. And the Anti-Federalists probably were right on that one. But I think we have to be very careful about that proposition. So the Supreme Court comes along with Levi. And Justice Brennan talks about supervisory mandamus, which other people have called advisory mandamus, which seems to be an oxymoron. But they use the term, but not define the jurisdiction. The dissent properly indicates there's no rule that we can base this on. And, indeed, the Congress has already spoken. When it has to do with local rules, it's the Judicial Council of the circuit that's responsible. And so there was the dissent has created the problems that we now have of trying to interpret this statement of supervisory mandamus. So in our circuit, as distinguished, perhaps, from other circuits, when we came to confront, well, what does Levi knew? What are we going to do with it? Then we said we're going to develop some type of an approach that'll cabin in the district that's more damaged than good, and that was Bauman. So now we come to the Bauman factors, the five Bauman factors. And it seems to me that the responsibility on your part is not just to say somebody should check on Judge Jones. It's to show power to do it, and that would become, through our interpretation or response to Levi and the Bauman factors. So how — tell me how the Bauman factors fit in. Well, if you — this Court's decision, I believe it's Amster, goes through all the Bauman factors that you're offering. And pushes them a little further. Well, it pushed it a little bit, because that was a controversy that was over with in terms of funding. But it also indicated the difference between — it said supervisory mandamus was a little bit different than advisory mandamus. But I think when you have the history in these cases with the Tax Division and the Environment Division about what Judge Jones has done, and then even after we filed both mandamus petitions, Judge Jones issued the order he did in July of 14, indicating that unless the local U.S. Attorney's Office says it is incapable of handling it, I'm not going to let attorneys from Washington appear, that, to us, is sufficient to show this is still an ongoing controversy. Is this a rule that you're saying there's — in Dubai, they had a rule that the entire district said you'd have to live here. Right. It's a home-cooking rule. Here, we don't have a rule that all of the judges are following. We have Judge Jones. But we know that there are local rules that each court has. You can't get into the bar without asking permission or whatever. Is there a rule that we can say he now has that we're going to deal with? Because he's talked about it as a policy. He hasn't talked about it as a rule. And he makes his own exceptions. Well, he uses that — that precatory language, the — unless the court otherwise orders. And as — as my colleague indicated, that only applies to ethical lapses. It does not apply to the fact that there's somebody from Washington coming to appear. What do we do about the fact that — and again, I'm just speaking for myself here — if it appears that Judge Jones has been entirely inconsistent to the degree that it's impossible to determine what his rule is, what do we do with that? Well, if Judge Jones had given reasons when — when he issued his response to this Court's invitation, and he just said, see attached, we think the best example of what his current policy is in terms of when he is or is not going to permit appearance — But we don't know what his current policy is. Well, you — Because he's allowed the same lawyer who he said couldn't be admitted, ProHoc BHA, to appear in another case. He's reversed his orders that are on appeal here, or vacated them. And I don't know what his current policy is. What is it? I think the July 23, 14 order in Great Basin, I believe, indicates he's still saying, unless you show me that there's a necessity for Maine justice to appear — Was that done — was that done before or after these writs of mandamus were sought? After. Both of our petitions. And he has been served with copies of them. In — in talking about power to do things, the statute of the Congress clearly shows that if there is some difficulty with the rules, that it's a judicial counsel responsibility. And, indeed, only the judicial counsel has power to enter orders for the business of the court. And we're talking about the business of the court. We don't have that power. The district court doesn't. The Supreme Court doesn't, at least by statute. So why isn't your better avenue, or the one that is more statutorily in tune with this case, to make your complaint to the judicial counsel of the Ninth Circuit and let that circuit counsel that has power to issue orders to Judge Jones to change or to take other action against Judge Jones if he fails to do so, why isn't the better route to go through the counsel rather than trying to go through the mandamus situation in our court? That's something that's troubled me, and I'd like to have your view. I actually have two responses. One is that the government made many informal attempts to deal with this matter, in particular with Judge Jones. There were meetings with the United States Attorney's Office. There were meetings, I understand, again, it's hearsay, with the new chief judge of that particular district. So that was done before we sought permission from our slip, from the Solicitor General, to file a mandamus petition. And my second response is that there's nothing wrong with the existing rule about unless the Court otherwise orders, because you need to have that safety valve, as my colleague mentioned, in case there's an ethical problem with a particular attorney. You want the district judge to have the power to say, wait a minute, you know, you've got some ethical problems here, and we don't dispute that at all. But that doesn't answer my question. My question is, why didn't you go to the Judicial Council of the Circuit and make the argument, which you're allowed to do under our rules? Why take the mandamus issue, the hammer, when a scalpel will work very well with the Judicial Council of the Circuit, where we can work interactively with Judge Jones? As a former chief judge, very often complaints were made that we were able to go talk to the judge, we get the matter solved. Within the council, we can do things we can't do within the court. And I'm wondering why that road wasn't followed. Well, I'll bring that back to Washington as a possible suggestion. But at the time we filed both of these petitions, there were ongoing disputes. I mean, Judge Jones had refused to grant reconsideration. And so at that point, the cases were at a stop. I take it from your comment that this was not within the consideration, that this wasn't considered as an alternative method of solving your problem. You mean to make a judicial counsel? Going to the council, yes. Not to my knowledge, but I'll have to confer with my colleagues. Do you know whether the judicial council procedures existed at the time this Court issued mandamus in Hall? I do not know the answer to that. But again, as we point out, I'm sure Judge Wallace does. But I do want to point out that I think the Hall decision is really as close as we get in this case. Thank you, Your Honors. Thank you for your arguments. And anybody in the audience want to rebut? No? Okay. Thank you very much. The case just argued is submitted.
judges: Wallace, Smith, Friedland